UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:09-CR-104 |
| | ) | |
| WILLIAM HAGLER | ) | |
| | ) | |
| Defendant. | ) | |

# **OPINION AND ORDER**

Before the Court is the Defendant, William Hagler's ("Hagler's"), "Motion to Dismiss Indictment with Prejudice" filed on May 13, 2010. The Government responded on May 27, 2010, and Hagler, through counsel, indicated to the Court that no reply would be forthcoming. For the following reasons, the Motion to Dismiss the Indictment will be GRANTED WITHOUT PREJUDICE.

## **DISCUSSION**

Hagler was indicted on October 28, 2009 on charges of bank robbery by force or violence and/or aiding and abetting the same in violation of 18 U.S.C. §§2113(a) and 18 U.S.C. §2. The bank robbery at issue occurred nearly ten years ago, on August 15, 2000. Only after the Defendant's DNA was linked to evidence taken from the bank robbery was he indicted on the charges above. Given the nearly ten year gap between the offense and his Indictment, Hagler moved for dismissal of the Indictment claiming that it was filed outside the statute of limitations in 18 U.S.C. §3297. Hagler also filed a motion to dismiss contending that 18 U.S.C. §3297 is unconstitutionally vague. After an evidentiary hearing was held on these motions and briefing was scheduled, the Supreme Court decided *United States v. Bloate*, ___ U.S. ___, 130 S.Ct. 1345 (2010) wherein the Court

clarified certain periods of excludability under the Speedy Trial Act, 18 U.S.C. §3161. Thereafter, Hagler filed the present motion asserting that under *Bloate*, the Speedy Trial Act was violated in his case.

Under sections 3161(c)(1) and 3162(a)(2) of the Speedy Trial Act, a court must dismiss an indictment if more than seventy days pass between the indictment and trial. Nevertheless, the statute excludes certain periods from the seventy-day period because some delays are inevitable and necessary.

Some periods are excluded automatically. Among these are "any delay resulting from any proceeding, including any examinations, to determine the mental competency ... of the defendant" and "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(A), (D); *United States v. Bloate*, --- U.S. ----, ----, 130 S.Ct. 1345, 1352, 176 L.Ed.2d 54 (2010). Up to thirty days are presumed to be a reasonable, automatically excluded time for the court to decide motions under advisement. *Id.* § 3161(h)(1)(H).

Delays not specifically listed as automatically excluded are excludable only if the Court makes specific findings of fact. *Bloate*, 130 S.Ct. at 1351. To exclude delays resulting from time given for the filing of pretrial motions, for example, the Court must find that "the ends of justice outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A), (B).

According to Hagler, given the facts of this case, he should have been tried by January 15, 2010 because the period allotted for pretrial motions was excluded wrongfully under *Bloate*. The Government, in response, does not dispute that the Speedy Trial Act has been violated here and

provides the following calculations for the court:

| | |
|---|---|
| 11/6/2009 | Defendant's Initial Appearance and Arraignment |
| 11/6/2009-12/10/2009 | 34 days elapsed on the speedy trial clock |
| 12/11/2009-12/14/2009 | Defendant's Motion to Continue trial tolls the clock until it is ruled upon on 12/14/2009 |
| 12/15/2009-2/8/2009 | 56 days elapsed on the speedy trial clock |
| 2/9/2010 - present | Defendant files second Motion to Continue which tolls the clock; several additional defense motions filed continuing to toll the clock. |

Given these calculations, the Government asserts that the date of trial should have been prior to January 19, 2010.

In light of the agreement between counsel that under the holding in *Bloate*, the Speedy Trial Act has been violated, the Motion to Dismiss the Indictment is GRANTED.[1]

However, Hagler seeks a dismissal with prejudice under the theory that the prosecutorial delay to indicting him creates an overwhelming burden on his defense in that evidence is stale and/or non-existent given the time that has elapsed.

Whether a Speedy Trial Act violation warrants dismissal with or without prejudice is governed by 18 U.S.C. §3161(a)(2):

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense and circumstances of the case which led to dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice

The balancing of the above factors is left to the discretion of the court. Yet, while the court has

[1]Whether the Defendant's assertion that January 15, 2010 or the Government's assertion of January 19, 2010, it is a distinction without a difference since under either the Government's scenario or Hagler's, more than seventy (70) days have elapsed on the speedy trial clock and it is clear that the Indictment must be dismissed.

considerable discretion in applying the Act, it must explicitly identify the statutory factors and support its decision by specific facts. *See United States v. Smith,* 576 F.3d 681, 689 (7th Cir. 2009) (quoting *United States v. Taylor*, 487 U.S. 326 333 (1988) ("[C]ourts are not free simply to exercise their equitable powers in fashioning an appropriate remedy, but, in order to proceed under the Act, must consider at least the three specified factors."); *see also United States v. Clymer,* 25 F.3d 824, 831 (9th Cir.1993) (citing *Taylor* at 334) ("The choice of whether to dismiss with or without prejudice depends on a careful application of the statutorily enumerated factors to the particular case"). That said, "when the statutory factors are properly considered, and supporting factual findings are not clearly in error, the district court's judgment of how opposing considerations balance should not be lightly disturbed." *Smith,* 576 F.3d at 689 (quoting *Taylor,* 487 U.S. at 337).

Turning now to the above factors, the seriousness of the offense here is without question. The defendant is alleged to have participated in an aggravated bank robbery, the seriousness of which is "self-evident." *Smith,* 576 F.3d at 689. Indeed, if he is convicted, Hagler faces maximum penalties of 25 years imprisonment. Thus, this factor weighs in favor of a dismissal without prejudice.

Next, the court turns to the facts and circumstances leading to the dismissal, a factor which again weighs favorably to a dismissal without prejudice. The dismissal in this case was not caused by any delay or bad faith by the Government; rather, the *Bloate* decision clarified that the time granted for the filing of pretrial motions is not automatically excluded from speedy trial calculations. In this case, (30) thirty days had been allotted for the filing of pretrial motions and by virtue of *Bloate,* those thirty days were added back into the calculation thereby putting Hagler beyond the time permitted in which to bring him to trial. Thus, it was a change in the law that created the time

issue in this case, not any delay on the part of the Government. Accordingly, this factor also tips the scales in favor of a dismissal without prejudice.

The final factor set out in Section 3161(a)(2) specifically requires the Court to consider "the impact on the administration of this chapter and on the administration of justice." As to this factor, the defendant argues that the sole evidence against him is his DNA which was found on the outside of a glove that was allegedly similar to a glove worn by the bank robber and located in the back of the alleged getaway car. He further argues, similar to his arguments in his previously submitted motions to dismiss, that the length of the delay in this case seriously prejudices the Defendant and his ability to defend himself against the nearly decade old crime. According to Hagler, his DNA has been available for some time and it is only now that the Government chose to indict him. Thus, he argues that a dismissal with prejudice is warranted under the theory that the administration of justice would be harmed by a re-indictment.

In essence, Hagler is arguing "they didn't catch me soon enough" and thus, would like the court to dismiss his cause with prejudice. The problem with Hagler's arguments is that they should either be raised in pretrial motions, i.e., as he already had done under the present indictment, or as trial defenses. Although defense counsel would have the court believe otherwise, there is certainly a strong trial defense by virtue of the absence of evidence the Government has to link Hagler to the crime. Indeed, the absence of evidence is a prime argument to raise before the jury.

Moreover, the legal issue of whether the statute of limitations precludes prosecution is an issue that should be pursued upon re-indictment (as it had been prior to the *Bloate* decision and its impact on this case) and is separate from whether there is an impact on the administration of justice by permitting reprosecution. The defendant has not set out any facts which would sway this court

that the administration of justice would be impeded by a reprosecution. Accordingly, the court finds that this factor also weigh in favor of a dismissal without prejudice.

In sum, the Speedy Trial Act was violated in this case and the Indictment is DISMISSED. The Court further concludes that all of the factors in 3161(a)(2) lead to the determination that the DISMISSAL is WITHOUT PREJUDICE.

## CONCLUSION

Based on the foregoing, the Defendant's Motion to Dismiss the Indictment is GRANTED in part and denied in part. The Indictment in this cause is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

This 28th day of June, 2010

s/ William C. Lee
United States District Court